UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 22-56501-pmb |
| | ) | |
| CUREPOINT, LLC, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| DAVID A. WENDER, in his capacity as CHAPTER 11 TRUSTEE, | ) ) ) | |
| | ) | Adv. Proc. No. _____ |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PREMIUM MERCHANT FUNDING 18, LLC, | ) ) ) | |
| Defendant. | ) | |

## **COMPLAINT**

David A. Wender, in his capacity as Chapter 11 Trustee (the "Trustee") of Debtor Curepoint, LLC, brings this adversary proceeding against Defendant Premium Merchant Funding 18, LLC ("Premium Merchant"), and shows the Court as follows:

## Parties, Jurisdiction and Venue

1. The Debtor, which provides radiation therapy for cancer patients at a facility in Dublin, Georgia, filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on August 19, 2022. [ECF No. 1.]

2. The Trustee's appointment was approved by the Court on October 19, 2022. [ECF No. 108.]

3. On October 28, 2022, Premium Merchant filed a claim in the bankruptcy case for $390,714.20, indicating that the claim was secured by the Debtor's accounts receivable. [Claim No. 22-1.]

4. The Trustee brings this action seeking a declaration that Premium Merchant has no secured claim against the Debtor, but only an unsecured claim in an amount to be determined by the Court.

5. The Court has jurisdiction over the subject matter of this adversary proceeding pursuant to 28 U.S.C. § 1334. This adversary proceeding arises in and relates to *In re Curepoint, LLC*, filed under Chapter 11 in the United States Bankruptcy Court for the Northern District of Georgia, Case No. 22-56501-pmb.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1409(a).

7. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (b)(2)(K), and (b)(2)(O).

8. Plaintiff consents to entry of final orders by the bankruptcy court.

## FACTUAL BACKGROUND

9. In its proof of claim, Premium Merchant asserts that its claim for $390,714.20 is secured by the Debtor's accounts receivable and that the claim was perfected by a UCC financing statement.

10. The UCC financing statement attached to Premium Merchant's claim was filed on August 22, 2022—three days after the petition date.

11. On November 7, 2022, the Trustee filed a motion to sell substantially all of the Debtor's assets and for approval of sale procedures. [ECF No. 124.] The Court approved the sale procedures on November 18, 2022. [ECF No. 145].

12. The Trustee is working to effect the sale of the Debtor's assets on an expedited timeline approved by the Court pursuant to the sale procedures Order.

## COUNT I—DECLARATORY JUDGMENT

13. Plaintiff incorporates the foregoing paragraphs of the complaint as if fully alleged herein.

14. Pursuant to 28 U.S.C. § 2201, subject to exceptions not applicable here, "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

15. There is an actual controversy between the Trustee and Premium Merchant about whether Premium Merchant's claim in the Debtor's bankruptcy case is secured or unsecured.

16. To the extent any agreement between the Debtor and Premium Merchant granted Premium Merchant a security interest in any property of the Debtor, that security interest was unperfected as of the petition date.

17. Pursuant to 11 U.S.C. § 544(a), the Trustee has, as of the petition date, the rights and powers of a judgment lien creditor of the Debtor, and may avoid any purported security interest held by Premium Merchant against any property of the Debtor.

18. The classification of Premium Merchant's claim as secured or unsecured is likely to affect the contemplated sale of the Debtor's assets.

19. Accordingly, the Trustee is entitled to a declaration that Premium Merchant has only a general unsecured claim in the Debtor's bankruptcy case.

WHEREFORE, Plaintiff respectfully requests that the Court:

(a) Enter a declaratory judgment that Premium Merchant holds only a general unsecured claim in the Debtor's bankruptcy case, in an amount to be determined by the Court; and

(b) Grant Plaintiff such other and further relief as the Court deems just.

>*/s/ David A. Wender*
>David A. Wender  (748117)
>Valerie S. Sanders (625819)
>
>EVERSHEDS SUTHERLAND (US) LLP
>999 Peachtree Street, NE, Suite 2300
>Atlanta, Georgia 30309-3996
>404.853.8000 (t)
>404.853.8806 (f)
>davidwender@eversheds-sutherland.com
>valeriesanders@eversheds-sutherland.com
>
>*Counsel for David A. Wender,*
>*in his capacity as Chapter 11 Trustee*

5