UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 22-56501-pmb |
| | ) | |
| CUREPOINT, LLC, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| DAVID A. WENDER, in his capacity as CHAPTER 11 TRUSTEE, | ) ) ) | |
| | ) | Adv. Proc. No. 22-05172-pmb |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PREMIUM MERCHANT FUNDING 18, LLC, | ) ) | |
| | ) | |
| Defendant. | ) | |

## REPORT OF RULE 26(f) CONFERENCE

The conference held pursuant to Fed. Civ. P. 26(f) and BLR 7016-1 on March 21, 2023, was attended by:

**For Plaintiff: Valerie Sanders**

**For Defendant: Taylor Dove; Shanna Kaminski**

1

1. **Initial Disclosures**: The parties have agreed to make initial disclosures on or before **April 6, 2023**.

2. **Discovery Plan**: The parties jointly propose to the Court that discovery shall be completed by **June 1, 2023**.

3. **Other Items**:

   a. The parties shall submit a consolidated pretrial order no later than **July 3, 2023**.

   b. Unless further ordered by the Court, Plaintiff will be allowed until **April 21, 2023** to file motions to join additional parties and until **April 21, 2023** to file motions to amend the pleadings.

   c. Unless further ordered by the Court, Defendant will be allowed until **April 21, 2023** to file motions to join additional parties and until **April 21, 2023** to file motions to amend the pleadings.

   d. All dispositive motions, including Motions for Summary Judgment, will be filed by **July 3, 2023**.

4. **Settlement Potential**:

    a. The parties **have not discussed** settlement.

    b. The parties **do intend** to hold additional settlement conferences among themselves prior to the close of discovery.

    c. The parties **have not** considered alternative dispute resolution.

    d. Settlement prospects may be enhanced by one of the following alternative dispute resolution procedures: **N/A**.

5. Identify any other matters regarding this Court's authority or jurisdiction, discovery or case management that may require the Court's attention (*e.g.*, concerns about confidentiality; the need for protective orders; unmovable scheduling conflicts): **None currently.**

6. Do the parties consent to this Court entering final orders and judgment in this proceeding? **Plantiff consents. Defendant consents but only to the extent that the accounts receivables it purchased pre-petition are deemed property of the estate.**

7. Any other matters not covered above: **N/A**.

8. The parties **do not** request a conference with the Court prior to entry of the scheduling order.

| | |
|---|---|
| /s/ David A. Wender | /s/ Taylor L. Dove (w/exp. permission) |
| David A. Wender  (748117) | Taylor L. Dove (993210) |
| Valerie S. Sanders (625819) | |
| | |
| EVERSHEDS SUTHERLAND (US) LLP | HUNTER MACLEAN EXLEY & DUNN, P.C. |
| 999 Peachtree Street, NE, Suite 2300 | 200 E. Saint Julian Street (31401) |
| Atlanta, Georgia 30309-3996 | P.O. Box 9848 |
| 404.853.8000 (t) | Savannah, Georgia 31412-0048 |
| 404.853.8806 (f) | 912.236.0261 (t) |
| davidwender@eversheds-sutherland.com | 912.236.4936 (f) |
| valeriesanders@eversheds-sutherland.com | tdove@huntermaclean.com |
| | |
| | Shanna M. Kaminski (*pro hac vice*) |
| *Counsel for Plaintiff David A. Wender, in his capacity as Chapter 11 Trustee* | KAMINSKI LAW, PLLC |
| | 40950 Woodward Avenue, Suite 100 |
| | Bloomfield Hills, Michigan 48304 |
| | |
| | *Counsel for Defendant Premium Merchant Funding 18, LLC* |

4